UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEY CARRASQUILLO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br>LAW OFFICE OF BRETT M. BORLAND, P.C.,<br><br>Defendants. | Civil Action No: 1:24-cv-1029<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Shey Carrasquillo (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendants National Credit Systems, Inc. ("NCS" or "Defendants NCS") and Law Office of Brett M. Borland, P.C. ("Borland" or "Defendants Borland") (collectively referred to as "Defendants") individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

1

debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of New York.

8. Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant NCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process c/o C T Corporation System, located at 28 Liberty Street, New York, NY 10005.

10. Upon information and belief, Defendant NCS is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Borland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process c/o CT Corporation System located at 289 S Culver St, Lawrenceville, GA, 30046.

12. Upon information and belief, Defendant Borland is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. All individuals with addresses in the State of New York;

    b. Who received a collection communication from the Defendants;

    c. In an attempt to collect the same consumer debt;

    d. But state different amounts owed; and

    e. Which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

15. The identities of all Class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

16. Excluded from the class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

18. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over

any questions or issues involving only individual class members. The principal issue is whether the Defendants' communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Sometime prior to July 25, 2022, Plaintiff allegedly incurred a debt with Faxon Commons Apts. (hereinafter, "Faxon").

24.     The alleged debt was incurred primarily for personal, family, or household purposes.

25.     The alleged debt is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     On August 24, 2022, a judgment was entered in the state of Massachusetts in the amount of $1,867.56.

27.     On September 19, 2022, an execution on the judgment was issued in the amount of $1,883.54.

28.     Between June 5, 2023 and July 21, 2023, Plaintiff sent Faxon four (4) USPS money orders in the total amount of $1,623.00 as partial payment of the execution amount. A copy of the receipts of the mailed payments are attached hereto as **Exhibit A**.

29.     The remaining balance of the Faxon debt should be $260.54 plus applicable interest.

30. Upon information and belief, Faxon contracted with Defendants for the purpose of collecting the remaining debt.

31. Defendants use the instrumentalities of interstate commerce or the mails in their business, the principal purpose of which is the collection of debts. Defendants also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. On or about October 30, 2023, Defendant NCS sent Plaintiff a collection letter in response to the Plaintiff's dispute of the debt, in which it sought to collect upon an alleged Faxon debt in the amount of $5,534.20. A true and accurate copy of the collection letter Defendant NCS mailed to the Plaintiff is attached as **Exhibit B**, hereinafter "NCS Letter."

33. On or about November 1, 2023, Defendant Borland sent Plaintiff a collection letter in response to the Plaintiff's dispute of the debt, in which it sought to collect upon an alleged Faxon debt in the amount of $3,922.20. A true and accurate copy of the collection letter Defendant Borland mailed to the Plaintiff is attached as **Exhibit C**, hereinafter "Borland Letter."

34. The NCS Letter and the Borland Letter (collectively referred to as "Letters") are attempting to collect the same alleged debt as they both state the same creditor and client account number.

35. However, the Letters depict differing amounts for the same alleged debt.

36. The alleged debt is being reported on Plaintiff's credit report.

37. The Plaintiff disputes both of these balances.

38. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

7

39. Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and status of the alleged debt.

40. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

41. By deceptively misrepresenting the amount owed, Defendants violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

42. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

43. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

44. Defendants' attempts to unlawfully collect an amount that is incorrect is a direct violation of 15 U.S.C. § 1692f(1).

45. Accordingly, Defendants' conduct violated multiple provisions of the FDCPA.

46. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

47. The harms caused by Defendants have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

48. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

49. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

50. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with the fear of a debt collector attempting to collect a debt she is not responsible for.

51. Defendants' conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

52. Defendants' violations were knowing, willful, negligent, and/or intentional, and Defendants did not maintain policies and procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to the collection of any consumer debt.

54. Defendants' conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendants' Letters.

55. Defendants' Letters further caused distress, embarrassment, humiliation, disruption, and other damages and consequences because Plaintiff was unaware as to why Defendants showed two (2) different balances for the same alleged debt.

56. Plaintiff was left further confused as to why two different debt collectors were collecting the same debt, and who was the proper collector.

57. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

58. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

59. In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

60. Specifically, here the Plaintiff spent time to request a validation of the debts and still received contradictory and false information.

61. Plaintiff was harmed by the false reporting of this debt on her credit report which lowered her credit score.

62. In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and dissemination, to third parties who reviewed her credit reports.

63. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

64. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

66. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

67. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

68. Defendants violated § 1692e(2)(A) when they misrepresented the amount of the alleged debt in the contradictory Letters.

69. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

70. By deceptively misrepresenting the amount of the alleged debt owed, Defendants violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

71. By reason thereof, Defendants are liable to Plaintiff and the Class members for judgment in that Defendants' conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

72. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

73. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff and the Class members violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

74. Pursuant to 15 U.S.C. § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

75. Defendants violated § 1692f:

      a.      By unfairly and unconscionably sending collection letters with contradictory amounts owed; and

      b.      By failing to maintain policies and procedures that were reasonably calculated to prevent Defendants from making erroneous collection communications that seek to collect inaccurate amounts.

76.      By reason thereof, Defendants are liable to Plaintiff and the Class members for judgment in that Defendants' conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

77.      Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78.      Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

79.      Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt. . .

80.      Thus, Defendants violated 15 U.S.C. § 1692g:

      a.      By failing to properly validate the debt once disputed; and

      b.      By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent presenting different amounts for an alleged debt.

81.      By reason thereof, Defendants are liable to Plaintiff and the Class for judgment in that Defendants' conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

82.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shey Carrasquillo, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1.      Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2.      Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.      Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.      Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.      Providing declaratory relief for the Plaintiff and the Class by stating that the Defendants violated the FDCPA pursuant to 28 U.S.C. § 2201;

6. Awarding the Plaintiff and the Class punitive damages for Defendants' willful and reckless conduct; and

7. Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: February 12, 2024                                 Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Rami Salim*
By: Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Shey Carrasquillo*